SHERMAN COUNTY IRRIGATION, WATER POWER & IMPROVEMENT COMPANY, APPELLANT, V. EDNA J. DRAKE ET AL., APPELLEES.

FILED JULY 22, 1902.   No. 12,053.

Commissioner's opinion, Department No. 3.

Public Service Corporation: PROPERTY: LEGAL PROCESS: NON-USER. In the absence of statutory enactment, the property of a *quasi*-public or public service corporation, necessary for carry-ing out the objects of its creation, like the rights of way of railroad, turnpike and canal companies, and fixtures thereto, can not be seized and sold upon legal process in ordinary actions, although the company is insolvent, and has been guilty of non-user and abandonment.

APPEAL from the district court for Sherman county. Heard below before SULLIVAN, J.   *Reversed.*

*Richard J. Nightingale,* for appellant.

*H. M. Mathew, contra.*

AMES, C.

It appears from the record that the plaintiff is a *quasi*-public corporation duly organized to construct a work of internal improvement, namely, a canal for irrigating and power purposes, beginning at a point near Arcadia, in Valley county, and ending at a point near Rockville, in Sherman county, in this state, the whole distance being be-tween twenty and twenty-five miles, and that in the years 1894 and 1895 it procured its right of way for the purposes of its charter over the greater portion of this distance, and constructed its work from Arcadia to a length of about sixteen miles, being aided in so doing both by private con-

tributions and public subsidies.   Beyond the farthest
point of completion, but upon the plaintiff's right of way,
the work of excavation was partly done, and a flume con-
structed for the purpose of carrying the water over a de-
pression in the surface of the land. This is the whole ex-
tent of construction.  The completed portion of the ditch
was used, more or less, for irrigating purposes during the
years 1896 to 1897, both inclusive, but in the fall of 1896
the works suffered a severe injury from a heavy fall of
rain, and owing to this fact and other embarrassments, the
company became so crippled financially as to be unable
either to extend the construction of the ditch, or to repair
the damages inflicted upon the completed portion of the
same, and since the year 1897 it has become largely filled
with sand, and overgrown with weeds and otherwise de-
teriorated, so that it has not been used for or adapted to
the purposes of the company.  The company, however,
through its officers, disclaims any intention of abandon-
ment, and professes to be in the possession of resources
which will enable it to complete the construction of its
works, effect the necessary repairs, and resume the use of
its franchises and property.  In November, 1896, the de-
fendant Drake recovered a judgment at law against the
company, and levied an execution thereon upon the flume
and the part of the right of way upon which it is situated.
This is an action to perpetually restrain the enforcement
of the execution levy.  The court upon a trial found that
the company was insolvent, and that it had abandoned the
intention of completing its canal over that part of its right
of way which had been levied upon, and rendered a judg-
ment of dismissal and for costs.  From this judgment the
plaintiff appealed.  In our opinion the case is ruled by
the decision of this court in *Overton Bridge Co. v. Means,*
33 Nebr., 857, in which it was held, in accordance with the
general voice of judicial authorities, that in the absence
of statutory enactment, the property of *quasi*-public cor-
porations, like the plaintiff, can not be seized and sold
upon process in actions at law.  If the first of the facts

found by the court constitutes an exception, it would, in effect, abolish the rule, because the issuance of the execution and its return *nulla bona,* as was done in this instance, would establish the fact of insolvency, and justify the levy. Abandonment or non-user of corporate property and franchises is, under some circumstances, a ground of forfeiture, which may be enforced at the suit of the state, but it is not, of itself, a forfeiture or surrender, nor does it deprive the public of its interests, which, in a proper case, the state may preserve by resuming the franchise, and bestowing it upon some one capable and disposed to effectuate the object for which it was created. Whether property not adapted to or necessary for the accomplishment of the purposes for which the corporation was created is liable to seizure and sale upon legal process, is a question which does not arise, and need not be decided in this case.

It is recommended that the judgment of the district court be reversed, and an injunction granted as prayed.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and an injunction granted as prayed.

REVERSED.